UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Liberty Corporate Capital Ltd. and Amtrust Corporate Member Ltd., <br><br> Plaintiffs, <br><br> v. <br><br> Stuart Roy Kalmus, Eric Tiedtke, and Tiedtke Marketing Group, Inc., <br><br> Defendants. | Civil Case No. 5:16-cv-1076 |

## MEMORANDUM OPINION

Before the Court is defendants Eric Tiedtke and Tiedtke Marketing Group's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1), filed January 5, 2017, ECF No. 19. Having considered the motion, responses, replies, exhibits, filings, and applicable law, the Court will deny the defendants' motion.

## I. BACKGROUND

Defendant Dr. Stuart Roy Kalmus was a self-employed dentist who suffers from a bilateral essential tremor of his hands, arms, and shoulders which has been progressive over the past twenty years. Pls.' Am. Compl. 3–4, ECF No. 14. Dr. Kalmus first consulted his primary care physician regarding his essential tremor on March 9, 2012. *Id.* at 4. On October 19, 2012, Dr. Kalmus sought specialized medical attention for his essential tremor from a neurologist, was prescribed medication, and was diagnosed with an essential tremor just over a month later. *Id.*

1

On or around June 30, 2013, Dr. Kalmus applied for permanent and total disability insurance. *Id.* at 5. Dr. Kalmus' application was prepared by defendant Eric Tiedtke and/or defendant Tiedtke Marketing Group, Inc., and the insurance policy went into effect July 1, 2013. *Id.* Two months later, Dr. Kalmus consulted with another neurologist regarding his essential tremor. *Id.* It is undisputed that Dr. Kalmus was aware of his condition before, during, and after applying for the policy.

On or around July 13, 2015, Dr. Kalmus sent a Proof of Loss statement to Hanleigh Management, Inc., the policy's Coverholder. *Id.* The Proof of Loss statement declares that Dr. Kalmus became permanently and totally disabled as a result of his essential tremor on July 1, 2015. *Id.* at 6. Hanleigh Management, Inc. investigated Dr. Kalmus' claim, at which point Dr. Kalmus provided them with medical records which verified his diagnosis of essential tremor and his subsequent disability. *Id.*

Plaintiffs Liberty Corporate Capital Ltd. and AmTrust Corporate Member Ltd. are the underwriters of Dr. Kalmus' policy. In their amended complaint, plaintiffs seek declaratory judgment that (1) Dr. Kalmus' essential tremor is a pre-existing condition not covered by the policy; (2) there is no loss due to injury or sickness under the policy; (3) the pre-existing condition limitation bars coverage; (4) Rider #1 bars coverage for Dr. Kalmus' claim; (5) Dr. Kalmus' essential tremor did not manifest itself while the policy is in force and his total disability did not commence within 1 year of a covered sickness; and (6) there is a lack of fortuity. *Id.* at 9–20. In the alternative, plaintiffs seek declaratory judgment that defendant Eric Tiedtke and/or defendant Tiedtke Marketing Group, Inc. should indemnify plaintiffs for any damages resulting from defendants' breach of the agency relationship. *Id.* at 20. Specifically, the plaintiffs claim that Tiedtke misrepresented the nature of the policy's coverage of preexisting conditions.

2

Dr. Kalmus has filed a counterclaim against all plaintiffs for breach of contract, violations of the Prompt Payment of Claims provisions of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act (DTPA), and violations of the Texas Insurance Code attributable to the plaintiff underwriters. Second Am. Answer, Countercl., and Cross-cl. 11–14, ECF No. 18. Dr. Kalmus has also filed a cross-claim against Eric Tiedtke and Tiedtke Marketing Group for violations of the DTPA, violations of the Texas Insurance Code, and Negligent Misrepresentations. *Id.* at 15–19.

Defendants Eric Tiedtke and Tiedtke Marketing Group filed a Motion to Dismiss plaintiffs' original complaint pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6). Mot. to Dismiss 1–2, ECF No. 10. Defendants argued that this Court lacks jurisdiction because the matter is not ripe for consideration since there has not yet been a judgment or a determination as to coverage, and that even if the matter is ripe that the plaintiffs failed to plead facts which would allow the plaintiffs to indemnify Eric Tiedtke or the Tiedtke Marketing Group. *Id.* at 4–6.

Plaintiffs filed an amended complaint shortly thereafter, and defendants Eric Tiedtke and Tiedtke Marketing Group filed a Motion to Dismiss the plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Mot. to Dismiss Pls.' First Am. Compl. 1–2. Defendants argued that the matter is not ripe for consideration since there has not yet been a judgment or a determination as to coverage. *Id.* at 3–5.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure require this Court to dismiss a cause for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Assn. of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th

Cir. 1998). In matters of jurisdiction, "the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The Federal Declaratory Judgment Act only grants the federal courts jurisdiction to provide declaratory relief in "a case of actual controversy." 28 U.S.C. § 2201(a). When considering a declaratory judgment action, a district court must engage in a three-step inquiry: (1) whether it is justiciable; (2) whether, if the court has jurisdiction, it has the authority to grant declaratory relief; and (3) whether the court should exercise its discretion to decide the action. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000). With regards to the first step, "A declaratory judgment action is ripe for adjudication only where an 'actual controversy' exists. *Id.* (quoting 28 U.S.C. § 2201(a)). An actual controversy is typically found when there is "a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests." *Middle South Energy, Inc. v. New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). When looking at ripeness, a case that is ripe is one in which any remaining issues are "purely legal, and will not be clarified by further factual development." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 581 (1985). The primary factors to be considered are "the fitness of issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967).

### III. ANALYSIS

Defendants argue that the controversy is not ripe because there has not yet been a judgment or a determination of coverage by the plaintiffs. However, the facts as pleaded by both the plaintiffs and Dr. Kalmus state that the plaintiffs have already denied Dr. Kalmus' claim for the loss incurred from his essential tremor. Mot. to Dismiss Pls.' First Am. Compl. 2; Pls.' Am. Compl. 6. Indeed, Dr. Kalmus' counter-claims against the plaintiffs for breach of contract,

4

violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act all rely on the denial of claims by the plaintiffs. Def.'s Second Am. Answer, Countercl., and Cross-cl. 11–15, ECF No. 18.

Assuming that coverage under the policy has already been denied, as both parties allege, the Court does not believe that the legal rights of the parties will be further clarified by any factual developments. No factual questions remain, and the only question that remains is a legal determination of the parties' rights and obligations under the policy. It may very well be that defendant Eric Tiedtke and/or defendant Tiedtke Marketing Group made misrepresentations regarding the nature or prerequisites of coverage of preexisting conditions under the policy, as defendant Dr. Kalmus claims, but that question is legal in nature and therefore does not affect the determination of whether this controversy is ripe. As alleged, the facts are ripe for adjudication.

The Supreme Court has stated that "Ripeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *National Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003). Dr. Kalmus asserts that the permanent and total disability caused by his essential tremor is covered by his insurance policy, while the plaintiffs assert that it is not. This disagreement is over a concrete question with tangible, serious consequences, not the sort of abstract disagreement that the Supreme Court urges courts to rely on ripeness to avoid. There is no future event that must occur in order for the Court to determine parties' rights and obligations under the policy, and therefore this matter is both ripe and justiciable.

## IV. CONCLUSION

Defendants' motion to dismiss under 12(b)(1) rests entirely on the assertion that the plaintiffs' declaratory judgment claim is not ripe for consideration. Mot. to Dismiss Pls.' First Am. Compl. 5. This Court finds that the plaintiffs' declaratory judgment claim is ripe and justiciable. The defendants' motion will be denied.

Further, in light of the plaintiffs' Amended Complaint, defendants' Motion to Dismiss the plaintiff's original Complaint will be denied as moot.

A separate order shall issue.

_____
Royce C. Lamberth
United States District Judge

DATE: 7/6/17